IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRISHA LEGGON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| NATIONAL CREDIT SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Fed. R. Civ. P. 8, Plaintiff Trisha Leggon respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Leggon is an individual and a resident of the State of Georgia. Ms. Leggon is a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant National Credit Systems, Inc. ("NCS") is a Georgia corporation. Defendant is a collections agency and a "furnisher" of information to consumer reporting agencies. Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, C.T. Corporation System at 289 Culver Street, Lawrenceville, Georgia 30046.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise

under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

4. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and Local Rule 3.1B(1)(a) and (3).

Factual Background

5. On December 31, 2015, Ms. Leggon leased an apartment at Bridle Wood Apartment Homes in Conyers, Georgia (the "Apartment").

6. Ms. Leggon's lease for the Apartment was renewed several times, including on January 29, 2018.

7. On November 29, 2018, Ms. Leggon was shocked while cleaning an electric stove at the Apartment.

8. Ms. Leggon subsequently vacated the Apartment and surrendered possession of it to her landlord.

9. After vacating the Apartment, Ms. Leggon filed a lawsuit against her ex-landlord in the State Court of Fulton County, Georgia, which was assigned Civil Action No. 19EV0004112 (the "Civil Action"). The Civil Action was filed on August 5, 2019.

10. In her Complaint in the Civil Action, Ms. Leggon asserted claims for (i) breach of the lease agreement, (ii) failure to return her security deposit in

violation of O.C.G.A. § 44-7-30, (iii) conversion and (iv) negligence and personal injuries resulting from the electrical shock described in Paragraph 7 above.

11. In its Answer in the Civil Action, the ex-landlord denied Ms. Leggon's claims and alleged that Ms. Leggon had breached the Lease.

12. In October 2020, the Civil Action was settled. The parties executed a written settlement agreement, which contained a mutual release of all claims, and the Civil Action was dismissed, with prejudice.

13. Thereafter, Ms. Leggon obtained copies of her credit reports from two of the national credit reporting agencies: Equifax and Experian.

14. Upon reviewing those credit reports, Ms. Leggon discovered that, notwithstanding the settlement of the Civil Action described in Paragraph 12 above, Defendant NCS was still furnishing information to Equifax and Experian that Ms. Leggon owed a balance of $406 to her ex-landlord.

15. The information that Defendant furnished to Equifax and Experian was inaccurate and derogatory. As explained in Paragraphs 12 above, the Civil Action was dismissed with prejudice and the parties thereto entered into a settlement agreement that contained a mutual release of all claims.

16. When Ms. Leggon learned that Defendant had placed inaccurate and derogatory information on her Equifax and Experian credit reports, she exercised

her rights under 15 U.S.C. §§ 1681i(a) and 1681s-2(b) and disputed the accuracy of that information (the "Disputes").

17. In her Disputes, Ms. Leggon denied that she owed any money to her ex-landlord, notified Equifax, Experian and Defendant of the settlement of the Civil Action and demanded that the inaccurate information be removed from her credit reports.

18. Under 15 U.S.C. § 1681i(a), Equifax and Experian were obligated to forward Ms. Leggon's Disputes to Defendant, which they did.

19. Under 15 U.S.C. § 1681s-2(b), Defendant was obligated to make a reasonable reinvestigation of Ms. Leggon's Disputes.

20. In violation of 15 U.S.C. § 1681s-2(b), Defendant made no effort to reinvestigate or determine the validity of Ms. Leggon's Disputes. Specifically, Defendant:

a. Failed to consult the ex-landlord, but merely reviewed the original file forwarded to it by the ex-landlord, which pre-dated the settlement of the Civil Action.

b. Failed to ask for a copy of, review, or ask the terms of the settlement agreement described in Paragraph 12 above.

   c. Failed to review the docket in the Civil Action, which is a matter of public record, and demonstrates that the case had been dismissed with prejudice.

   d. Failed to consult counsel for the ex-landlord in the Civil Action regarding the terms of the settlement and the extent of the releases granted therein.

  21. Following Defendant's negligent and/or willful failure to conduct a reasonable reinvestigation of Ms. Leggon's Disputes, Defendant informed Equifax and Experian that the information it (Defendant) had furnished to them regarding Ms. Leggon's alleged debt to her ex-landlord was accurate.

  22. As a result, the inaccurate and derogatory information that Defendant furnished to the Equifax and Experian regarding Ms. Leggon's alleged debt to her ex-landlord remained on her credit reports and was included in credit reports sold to Ms. Leggon's prospective creditors.

  23. As a result of Defendant's violation of the FCRA, Ms. Leggon has suffered actual damages, such as (i) credit denials, including the denial of housing and leasing opportunities, (ii) offers of credit on less favorable terms than she would have otherwise received, and (iii) severe emotional distress, such as anxiety, panic attacks and an inability to focus on her work as an artist, which prevented her from working and generating income on the sale of her artwork.

### Count 1 - Violation of 15 U.S.C. § 1681s-2(b)

24. Defendant violated 15 U.S.C. § 1681s-2(b) by negligently, or in the alternative willfully, failing to conduct reasonable reinvestigations of Ms. Leggon's Disputes.

25. As a proximate result thereof, Ms. Leggon has suffered and is entitled to recover actual damages, as alleged in Paragraph 23 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

26. In the alternative and as a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Ms. Leggon is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

27. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Ms. Leggon is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

28. Ms. Leggon is also entitled to recover the costs of this action and her reasonable attorneys fees from Defendant as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Leggon respectfully prays that the Court:

1. Issue process to Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Leggon as consistent with the jury's verdict; and,

4. Grant Ms. Leggon such other and further relief as it deems just and necessary.

This 7th day of April, 2021.

| | |
|---|---|
| **McRAE BERTSCHI & COLE LLC** | */s/ Craig E. Bertschi* |
| Suite 200, 1350 Center Drive | Craig E. Bertschi |
| Dunwoody, Georgia 30338 | Georgia Bar No. 055739 |
| | ceb@mcraebertschi.com |
| *Counsel for Plaintiff* | 678.999.1102 |
| | |
| | Charles J. Cole |
| | Georgia Bar No. 176704 |
| | cjc@mcraebertschi.com |
| | 678.999.1105 |
| | |
| **WEINER & SAND LLC** | Jeffrey B. Sand |
| 800 Battery Ave. SE | js@atlantaemployeelawyer.com |
| Atlanta, Georgia 30339 | 404.205.5029 |
| | |
| *Counsel for Plaintiff* | Andrew L. Weiner |
| | aw@atlantaemployeelawyer.com |
| | 404.205.5029 |